# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

SERVICE EMPLOYEES INTERNATIONAL )
UNION NATIONAL INDUSTRY )
PENSION FUND, )
1800 Massachusetts Ave, Suite 301 )
Washington, D.C. 20036, )
    )
and )
    )
WILLIAM DEMPSEY, RODERICK S. BASHIR, )
KEVIN J. DOYLE, CHRISTOPHER BOUVIER, )   Case No: 17-cv-1657
THOMAS LAMARTINA, EDWARD J. MANKO, )
JOHN J. SHERIDAN, FRANK A. MAXSON, )
TRUSTEES OF THE SERVICE EMPLOYEES )
INTERNATIONAL UNION NATIONAL )
INDUSTRY PENSION FUND, )
1800 Massachusetts Ave, Suite 301 )
Washington, D.C. 20036, )
    )
                     Plaintiffs, )
    )
v. )
    )
JERSEY CITY HEALTHCARE PROVIDERS, )
LLC A/K/A ALARIS HEALTH AT )
HARBORVIEW F/K/A HARBORVIEW )
HEALTHCARE CENTER )
179-198 Ogden Avenue )
Jersey City, NJ 07307 )
    )
Agent for Service: )
Avery Eisenreich )
35 Journal Sq., Suite 1103 )
Jersey City, NJ 07306 )
                     Defendant. )
_____)

> **Additional Required Service under 29 U.S.C. § 1132(h) to:**
>
> U.S. Department of Labor
> Attn: Assistant Solicitor
>    for Plan Benefits Security
> 200 Constitution Ave., N.W.
> Washington, DC 20210
>
> U.S. Department of Treasury
> Attn: Secretary of the Treasury
> 1500 Pennsylvania Avenue, NW
> Washington, D.C. 20220

**COMPLAINT UNDER ERISA FOR DELINQUENT CONTRIBUTIONS, INTEREST, LIQUIDATED DAMAGES, REMITTANCE REPORTS, AUDIT FEES, ATTORNEYS' FEES AND COSTS**

1

**Introduction, Jurisdiction and Venue**

1. This is a civil action brought by an employee benefit plan, and by the Trustees of an employee benefit plan, pursuant to Sections 502(a)(3), (d)(1), (g)(2) and 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1132(a)(3), (d)(1), (g)(2) and 1145 and Section 301(a) of the Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 185(a), to collect unpaid collectively bargained contributions, interest, liquidated damages, Pension Protection Act supplemental contributions, audit testing fees, and attorneys' fees and costs owed by the Defendant.

2. Jurisdiction is conferred upon this Court by Sections 502(e) and (f) of ERISA, 29 U.S.C. § 1132(e) and (f), and Section 301(c) of the LMRA, 29 U.S.C. § 185(c). Jurisdiction also lies under 28 U.S.C. § 1331.

3. Venue is proper under Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), as the Service Employees International Union National Industry Pension Fund is administered in this District.

4. Pursuant to Section 502(h) of ERISA, 29 U.S.C. § 1132(h), a copy of this complaint will be served upon the Secretary of Labor and the Secretary of the Treasury by certified mail on or about the date of filing.

**Parties**

5. Plaintiff Service Employees International Union National Industry Pension Fund ("SEIU Pension Fund") is an employee pension benefit plan within the meaning of Sections 3(2), (3) of ERISA, 29 U.S.C. §§ 1002(2), (3), and a multiemployer plan within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A), established and maintained for the

2

purpose of providing pension benefits to eligible employees. The SEIU Pension Fund is and at all times material herein has been, a jointly administered trust fund established pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5). The SEIU Pension Fund is administered at 1800 Massachusetts Avenue NW, Suite 301, Washington, DC 20036.

6. Plaintiff Trustees of the SEIU Pension Fund, William Dempsey, Roderick S. Bashir, Kevin J. Doyle, Christopher Bouvier, Thomas LaMartina, Edward J. Manko, John J. Sheridan, and Frank A. Maxson are the duly authorized Trustees of the SEIU Pension Fund whose duty it is to administer the SEIU Pension Fund for the benefit of the participants and beneficiaries of the SEIU Pension Fund. Plaintiff Trustees are fiduciaries within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are authorized and empowered to maintain this action.

7. Defendant Jersey City Healthcare Providers, LLC, also known as Alaris Health at HarborView, and formerly known as Harborview Healthcare Center ("Harborview") is an "employer in an industry affecting commerce" as defined in Sections 3(5), (9), (11), and (12) of ERISA, 29 U.S.C. §§ 1002(5), (9), (11), and (12), and Section 2(2), (6), and (7) of the LMRA, 29 U.S.C. §§ 152(2), (6), and (7).

8. Upon information and belief, Defendant Harborview is a corporation incorporated in the state of New Jersey, with a mailing address of 178-198 Ogden Avenue, Jersey City, NJ 07307.

## Factual Background

9. At all relevant times, Service Employees International Union Local 1199 United Health Care Workers East ("the Union") has been the exclusive bargaining representative for all

3

CNAs, dietary and housekeeping workers, recreational aides, cooks and all other employees excluding registered nurses, LPNs, confidential, office clerical workers, supervisors, watchmen and guards employed by Defendant.

10. The Defendant signed a collective bargaining agreement ("Collective Bargaining Agreement") on November 8, 2010 with the Union for its employees effective for the period of April 1, 2010 through March 31, 2014. The agreement was automatically renewed for a period of four years following the March 31, 2014 expiration date. A true, correct and complete copy of the Collective Bargaining Agreement is attached as Plaintiffs' Exhibit 1.

11. Pursuant to Section 515 of ERISA, 29 U.S.C. § 1145, employers who are obligated to make contributions to a multi-employer employee benefit plan must do so in accordance with the terms of the applicable collective bargaining agreement. Here, the Collective Bargaining Agreement states that, beginning two years after the ratification of the agreement (November 8, 2012), the Defendant is obligated to remit contributions to the SEIU Pension Fund for its covered employees at a rate of 2.0% per paid hour, plus applicable supplemental contributions as required by the Pension Fund's Rehabilitation Plan, described *supra* paragraph 16-18. Ex. 1, Article 25, Section 3.

12. Pursuant to the Collective Bargaining Agreement and by submitting reports and contributions, Defendant agreed to be bound by the SEIU Pension Fund's Agreement and Declaration of Trust ("Trust Agreement"). A true and correct copy of the Trust Agreement is attached as Plaintiffs' Exhibit 2. The Collective Bargaining Agreement states: "The Employer hereby agrees to be bound by the provisions of the Agreement and Declaration of Trust establishing the fund, as it may from time to time be amended, and by all resolutions and rules

adopted by the Trustees pursuant to the powers delegated to them by that agreement, including collection policies, receipt of which is hereby acknowledged." Ex. 1, Art. 25, Sec. 4. Pursuant to Section 5.1(22) of the Trust Agreement, the Trustees are empowered to create and enforce a collection policy for the assessment of unpaid and delinquent contributions. *See* Exhibit 2 at Section 5.1(22). Accordingly, Defendant is obligated to remit contributions to the SEIU Pension Fund in accordance with the collection policies adopted by the Trustees. A true and correct copy of the Statement of Policy for Collection of Delinquent Contributions ("Collection Policy") is attached as Plaintiffs' Exhibit 3.

13. Section 3.1 of the SEIU Pension Fund's Trust Agreement provides that an employer must submit complete remittance reports to the SEIU Pension Fund with the employer's contributions. Ex. 2, Sec. 3.1. The remittance report must contain the names of each covered employee and the number of compensable hours for each employee during the reporting month. The Collective Bargaining Agreement also states: "Contributions shall be transmitted together with a remittance report containing such information, in such a manner, and on such form as may be required by the Fund or their designee." Ex. 1, Art. 25, Sec. 3.

14. Section 4 of SEIU Pension Fund's Trust Agreement and Section 5 of the Collections Policy both provide that the SEIU Pension Fund may audit any contributing employer for the purpose of ensuring that such employer has remitted the appropriate amount of contributions to the Pension Fund. Ex. 2, Sec. 4; Ex. 3, Sec. 5. The Collective Bargaining Agreement also states: "The employer agrees to permit auditors authorized by the Fund to inspect and review any of its records necessary to ensure compliance with this Agreement and to forward such records or true copies thereof to the Fund's auditors upon request." Ex. 1, Art. 25,

Sec. 5.

15.     Section 3.2 of the Trust Agreement and Section 5 of the Collection Policy provide that an employer delinquent in its contribution obligations to the SEIU Pension Fund and the subject of a collection lawsuit is liable for interest at the rate of ten percent (10%) per annum, liquidated damages at the greater of the interest on the delinquent contributions or twenty percent (20%) of the delinquent contributions after the commencement of legal action, and attorneys' fees and costs. Ex. 2, Sec. 3.2; Ex. 3, Sec. 5. The Collective Bargaining Agreement also states: "The Employer agrees and affirms that, should it default or become delinquent in any of its obligations to the Fund set forth in this article, it shall be liable for such damages, penalties and costs as may be provided for by the Fund's Trust Agreement, resolution(s) and collection policy(ies) of the Fund's Trustees including, but not limited to, a late payment penalty, interest, liquidated damages, and all costs of collection including reasonable attorney's and accounting fees." Ex. 1, Art. 25, Sec. 6.

16.     Pursuant to the Pension Protection Act of 2006, 29 U.S.C. § 1085 ("PPA"), the SEIU Pension Fund was determined to be in critical status for the plan years beginning January 1, 2009, January 1, 2010, January 1, 2011, January 1, 2012, January 1, 2013, January 1, 2014, January 1, 2015, January 1, 2016, and January 1, 2017. Participating employers in the Fund were notified of this status via letters sent April 30, 2009, April 30, 2010, April 30, 2011, April 30, 2012, April 30, 2013, April 28, 2014, April 28, 2015, April 28, 2016 and April 28, 2017. Copies of these letters are attached as Plaintiffs' Exhibit 4.

17.     For plans in critical status, the PPA requires that all contributing employers pay to the plan a surcharge to help correct its financial situation. 29 U.S.C. § 1085(e)(7). The amount of

the surcharge is equal to a percentage of the amount an employer is otherwise required to contribute to the plan. For the SEIU Pension Fund, a five percent (5%) surcharge was applicable in the initial critical year (2009), and a ten percent (10%) surcharge was applicable in 2010 and for each succeeding plan year thereafter in which the plan is in critical status, until the bargaining parties agree to a collective bargaining agreement that implements the supplemental contribution schedules in the Rehabilitation Plan adopted by the SEIU Pension Fund or the Default Schedule is imposed on the participating employer. Participating employers were notified of the Rehabilitation Plan adopted by the SEIU Pension Fund in November 2009. A copy of this letter is attached as Plaintiffs' Exhibit 5.

18. The Collective Bargaining Agreement obligated Defendant to remit supplemental contributions under the Preferred Schedule pursuant to the Fund's Rehabilitation Act. Ex. 1, Art 25, Sec. 3. Pursuant to the Preferred Schedule, the Defendant was obligated to remit supplemental contributions at a rate of 59.8% of base contributions due beginning in April 2015, increasing to 72.1% beginning in April 2016.

19. During the period of January 2012 through April 2017, Defendant has failed to remit certain contractually required reports and contributions and has failed to pay certain interest charges, liquidated damages, supplemental contributions due under the PPA, and audit fees to the SEIU Pension Fund.

### COUNT I – Amounts Owed Pursuant to Audit

20. Plaintiffs reallege and incorporate Paragraphs 1 through 19.

21. This claim arises under Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1145, and Section 301 of the LMRA, 29 U.S.C. § 185.


22. Defendant is obligated, pursuant to the Collective Bargaining Agreement, to provide contributions to the SEIU Pension Fund on behalf of its covered employees. Defendant has failed and refused to fulfill its contractual obligations for owed contributions, resulting interest and liquidated damages, and PPA supplemental contributions, as demonstrated by a payroll audit conducted on Defendant by the SEIU Pension Fund for the calendar years 2012 and 2013. The audit revealed that Defendant owes contributions, interest, and liquidated damages to the SEIU Pension Fund. While contributions remain unpaid, interest continues to accrue on these delinquent contributions and audit fees have been assessed pursuant to the Fund's governing documents. A true, correct, and complete copy of the audit is attached as Plaintiffs' Exhibit 6.

23. The audit revealed that for Site 2356, Harborview owes $195.91 in unpaid contributions, $84.23 in interest through June 18, 2016, $50.00 in liquidated damages, and $26.72 in PPA supplemental contributions to the SEIU Pension Fund. The audit also found an overpayment of $137.44. In total, Harborview owes $219.42 to the SEIU Pension Fund for Site 2356 for the calendar years 2012 and 2013. Interest continues to accrue at a rate of $0.07 per day.

24. The audit also revealed that for Site 2826, Harborview owes $598.80 in unpaid contributions, $254.21 in interest through June 18, 2016, $50.00 in liquidated damages, $175.75 in PPA supplemental contributions, and $1,323.28 in audit testing fees to the SEIU Pension Fund. The audit also found an overpayment of $102.74. In total, Harborview owes $2,299.30 to the SEIU Pension Fund for Site 2826 for the calendar years 2012 and 2013. Interest continues to accrue at a rate of $0.22 per day.

25. Under Section 502(g) of ERISA, Plaintiffs are entitled to recover all costs of this

action from Defendant, including reasonable attorneys' fees and court costs.

26. Prior to commencing this lawsuit, the SEIU Pension Fund sent several letters and attempted to contact the Defendant in efforts to obtain the outstanding amounts due from the Defendant. Defendant continues to refuse to make payment on the amounts due. There is little prospect that, lacking judicial compulsion, Defendant will satisfy its obligations to the SEIU Pension Fund, and pay the delinquent and unpaid contributions, liquidated damages, interest, and audit fees due to the SEIU Pension Fund.

27. Defendant's continued failure to pay the amounts due have caused irreparable harm to the plan participants in the form of loss of earnings and expenses of the Pension Fund, endangered the eligibility of covered members' pension benefits, and other harm. Defendant's failure and refusal to comply with its obligations creates an atmosphere in the industry that encourages other employers to do the same.

## COUNT II – Reports Owed

28. Plaintiffs reallege and incorporate Paragraphs 1 thorough 27.

29. This claim arises under Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. §§ 1332(a)(3) and 1145, and Section 301 of the LMRA, 29 U.S.C. § 185.

30. Defendant is obligated, under the terms of the Collective Bargaining Agreement, to provide remittance reports and contributions to the SEIU Pension Fund on behalf of the Defendant's employees.

31. For Site 2356, Defendant has failed to submit remittance reports and contributions for the months of May 2016 and June 2016**.**

32. Because these reports have not been submitted, the amount of money due to the

Fund is unknown and cannot be ascertained without an accounting of the number of compensable hours for each employee of the defendant during the reporting month. Defendant owes the reports, contributions, any applicable PPA supplemental contributions, interest and liquidated damages on these unpaid months.

33. Under Section 502(g) of ERISA, Plaintiff is entitled to recover all costs of this action from Defendant, including reasonable attorneys' fees and court costs.

34. Prior to commencing this lawsuit, the SEIU Pension Fund sent several letters and attempted to contact the Defendant in efforts to obtain the outstanding remittance reports and contributions from the Defendant for these months. Defendant continues to refuse to provide the missing reports or make payments on the resulting amounts due. There is little prospect that, lacking judicial compulsion, Defendant will satisfy its obligations to the SEIU Pension Fund, and pay the delinquent and unpaid contributions, liquidated damages and interest due on the delinquent and unpaid contributions.

35. Defendant's continued failure to pay the amounts due have caused irreparable harm to the plan participants in the form of loss of earnings and expenses of the Pension Fund, endangered the eligibility of covered members' pension benefits, and other harm. Defendant's failure and refusal to comply with its obligations creates an atmosphere in the industry that encourages other employers to do the same.

### Count III – Delinquencies

36. Plaintiff's reallege and incorporate paragraphs 1 through 35.

37. This claim arises under Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. §§ 1332(a)(3) and 1145, and Section 301 of the LMRA, 29 U.S.C. § 185.

38. Defendant is obligated, under the terms of the Collective Bargaining Agreement, to provide remittance reports and contributions to the SEIU Pension Fund on behalf of the Defendant's employees and interest and liquidated damages are charged upon unpaid or late paid contributions. The Defendant has failed to remit certain contributions and resulting interest and liquidated damages for Sites 2356, 2816, and 2826 for various months during the period of September 2015 through April 2017.

39. For Site 2356, for the period of September 2015 through April 2017, Defendant owes the SEIU Pension Fund $7,415.45 in unpaid contributions, including PPA supplemental contributions, $710.97 in interest through August 1, 2017, and $1,483.09 in liquidated damages.

40. For Site 2816, for the period of September 2015 through April 2017, Defendant owes the SEIU Pension Fund $18,359.84 in unpaid contributions, including PPA supplemental contributions, $1,918.31 in interest through August 1, 2017, and $4,201.20 in liquidated damages.

41. For Site 2826, for the period of September 2015 through April 2017, Defendant owes the SEIU Pension Fund $1,276.44 in unpaid contributions, including PPA supplemental contributions, $127.61 in interest through August 1, 2017, and $297.74 in liquidated damages.

42. Harborview owes a total of $35,790.64 in delinquent contributions, interest, and liquidated damages for Sites 2356, 2816, and 2826 for the period of September 2015 through April 2017.

43. Under Section 502(g) of ERISA, Plaintiff is entitled to recover all costs of this action from Defendant, including reasonable attorneys' fees and court costs.

44. Prior to commencing this lawsuit, the SEIU Pension Fund sent several letters and

attempted to contact the Defendant in efforts to obtain the amounts owed from the Defendant. Defendant continues to refuse to make payment on the amounts due. There is little prospect that, lacking judicial compulsion, Defendant will satisfy its obligations to the SEIU Pension Fund, and pay the delinquent and unpaid contributions, liquidated damages and interest due on the delinquent and unpaid contributions.

45. Defendant's continued failure to pay the amounts due have caused irreparable harm to the plan participants in the form of loss of earnings and expenses of the Pension Fund, endangered the eligibility of covered members' pension benefits, and other harm. Defendant's failure and refusal to comply with its obligations creates an atmosphere in the industry that encourages other employers to do the same.

**WHEREFORE**, Plaintiffs respectfully request that the Court:

1. Declare that Defendant is delinquent in remitting owed contributions, interest, liquidated damages, and PPA supplemental contributions to the SEIU Pension Fund pursuant to the Collective Bargaining Agreement;

2. Declare that Defendant is delinquent in submitting remittance reports for the period of May and June 2016 and Order Defendant to pay the corresponding outstanding contributions, interest, liquidated damages, and PPA supplemental contributions for these delinquent months;

3. Enter judgment in the amount of $2,518.72 pursuant to the audit conducted for the calendar years 2012 and 2013 of Sites 2356 and 2826, plus additional interest pursuant to the Fund's Collection Policy through the date of payment;

4. Enter judgment in the amount $35,790.64 for unpaid contributions, interest,

liquidated damages, and PPA supplemental contributions for the period of September 2015 through April 2017 for Sites 2356, 2816, and 2826, plus additional interest pursuant to the Fund's Collection Policy through the date of payment;

5. Enter judgment for Plaintiffs' attorneys' fees and costs, as required by the Collective Bargaining Agreement, the Trust Agreement and Section 502(g) of ERISA;

6. Enter a permanent injunction against Defendant requiring it to remit its reports and contributions to the Health Fund and Pension Fund in a timely manner;

7. Retain jurisdiction of this case pending compliance with its Orders; and,

8. Grant such relief as the Court may deem appropriate.

Respectfully submitted,

　　　/s/ Diana M. Bardes　　　
Diana M. Bardes (DC Bar No. 1010075)
Mooney, Green, Saindon, Murphy & Welch, P.C.
1920 L Street, NW, Suite 400
Washington, D.C. 20036
(202) 783-0010
(202) 783-6088 Facsimile
dbardes@mooneygreen.com
Counsel for the Plaintiffs

Dated: August 15, 2017

## CERTIFICATE OF SERVICE UNDER 29 U.S.C. § 1132(h)

I hereby certify that on this 15th day of August, 2017, a true and correct copy of the foregoing COMPLAINT UNDER ERISA FOR INJUNCTIVE RELIEF, ATTORNEYS FEES, AND COSTS was served via certified mail on:

    U.S. Department of Labor
    Attn: Assistant Solicitor for Plan Benefits Security
    200 Constitution Ave., N.W.
    Washington, DC 20002

    U.S. Department of Treasury
    Attn: Secretary of the Treasury
    1500 Pennsylvania Avenue, NW
    Washington, D.C. 20220

                                                /s/ Diana M. Bardes
                                                Diana M. Bardes