UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SERVICE EMPLOYEES INTERNATIONAL
UNION NATIONAL INDUSTRY PENSION
FUND, *et al.*,
    Plaintiffs

    v.

JERSEY CITY HEALTHCARE
PROVIDERS, LLC,
    Defendant

Civil Action No. 17-1657 (CKK)

MEMORANDUM OPINION
(July 3, 2019)

Plaintiffs, Service Employees International Union National Industry Pension Fund and the Fund's Trustees, bring this action against Defendant, Jersey City Healthcare Providers, LLC, under the Employee Retirement Income Security Act of 1974 ("ERISA"). *See* 29 U.S.C. § 1001. On February 13, 2019, the Court granted Plaintiffs' Motion for Summary Judgment and awarded Plaintiffs $34,383.66 in outstanding contributions, liquidated damages, interest, and audit testing fees. *See* Feb. 13, 2019 Order, ECF No. 21. In the Order granting summary judgment, the Court indicated that, "[a]s Plaintiffs have prevailed on their Motion for Summary Judgment, they may move for attorneys' fees and costs as well as any additional interest that accrued subsequent to filing their Complaint." *Id.* That motion is currently before the Court.

Defendant does not contest Plaintiffs' entitlement to accrued interest, eligibility for attorneys' fees, or Plaintiffs' counsel's billing rates. Instead, Defendant argues that Plaintiffs requested amount of attorneys' fees is unreasonable given the nature of the case.

Upon consideration of the pleadings,[1] the relevant legal authorities, and the record for purposes of this motion, the Court GRANTS Plaintiffs' [23] Motion for Attorneys' Fees and

---

[1] The Court's consideration has focused on the following documents:

1

Costs and Additional Interest. The Court concludes that the amount of attorneys' fees is reasonable given the circumstances of this case. Therefore, the Court GRANTS Plaintiffs' request as to a total of $18,824.00 in attorneys' fees (including fees on fees), $495.00 in costs, and $3,904.43 in additional accrued interest and awards those amounts. As no other issues remain, this case is dismissed in its entirety.

## I. BACKGROUND

The factual background of this case is laid out in detail in the Court's February 13, 2019 Memorandum Opinion, ECF No. 22, 2-6. For purposes of deciding Plaintiffs' pending Motion, the Court adopts and incorporates the factual background from the Court's prior Memorandum Opinion.

In summary, on August 15, 2017, Plaintiffs filed this lawsuit under ERISA to collect unpaid contributions, interest, liquidated damages, and audit testing fees. *See generally* Compl., ECF No. 1. The parties subsequently engaged in discovery. *See generally* Joint Discovery Plan, ECF No. 15. Plaintiffs then moved for summary judgment, and on February 13, 2019, the Court granted Plaintiffs' Motion for Summary Judgment. Feb. 13, 2019 Order, ECF No. 21. The Court ordered Defendant to pay Plaintiffs $34,383.66 in outstanding contributions, liquidated damages, interest, and audit testing fees. *Id.* Because Plaintiffs prevailed in their ERISA suit, they have now moved for attorneys' fees and costs as well as additional accrued interest.

---

- Pls.' Mot. for Attorneys' Fees and Costs and Additional Interest ("Pls.' Mot."), ECF No. 23;
- Def.'s Brief in Opp'n to Pls.' Application for Attorneys' Fees and Costs ("Def.'s Opp'n"), ECF No. 24; and
- Pls.' Reply in Support of Their Petition for Attorneys' Fees and Costs and Additional Damages ("Pls.' Reply"), ECF No. 25.

In an exercise of its discretion, the Court finds that holding oral argument in this action would not be of assistance in rendering a decision. See LCvR 7(f).

## II. DISCUSSION

ERISA provides that the defendant must pay the reasonable attorneys' fees and costs incurred by the plaintiff in an action seeking delinquent contributions. 29 U.S.C. § 1132(g)(2)(D). "D.C. courts recognize that the 'usual method of calculating reasonable attorney's fees is to multiply the hours reasonably expended in the litigation by a reasonable hourly fee, producing the 'lodestar' amount.'" *Judicial Watch, Inc. v. Bureau of Land Mgmt.*, 562 F. Supp. 2d 159, 175 (D.D.C. 2008), *rev'd on other grounds*, 610 F.3d 747 (D.C. Cir. 2010) (quoting *Bd. of Trs. of the Hotel & Rest. Emples. Local 25 v. JPR, Inc.*, 136 F.3d 794, 801 (D.C. Cir. 1998)). Plaintiffs, as the party seeking fees, bear the burden of establishing the reasonableness of their request. *Role Models Am., Inc. v. Brownlee*, 353 F.3d 962, 970 (D.C. Cir. 2004).

Defendants do not dispute that Plaintiffs are entitled to attorneys' fees. Additionally, Defendants do not dispute the hourly rates charged by counsel. Plaintiffs' counsel charged the following rates for the legal services provided in this case: partners billed at $220.00 per hour, associates billed at $195.00 per hour, and paralegals billed at $120.00 per hour. Bardes Dec., ECF No. 23-1, ¶ 12. These rates are lower than those approved of by the *Laffey* matrix maintained by the U.S. Attorney's Office for the District of Columbia. Under the USAO *Laffey* matrix, the following market rates would apply: $352.00 per hour for Diana Bardes and Lauren McDermott, two partners with seven years' experience; $602.00 per hour for John Mooney, a partner with 34 years' experience; $346.00 per hour for Matthew Watts, an associate with four years' experience; and $164.00 for Caitlin Cooper, a paralegal. *Id.* at ¶ 17.[2] Additionally,

---

[2] The court recognizes that the United States Circuit Court for the District of Columbia Circuit recently issued a decision in *DL v. District of Columbia*, 924 F.3d 585 (D.C. Cir. 2019), questioning the use of the USAO *Laffey* Matrix, though not in the context of ERISA. In a May 30, 2019 Minute Order, the Court gave the parties a week to provide any additional briefing on

Plaintiffs introduced evidence that counsel's billing rates were less than those charged by other firms of reasonable comparable skill, experience, and reputation in this geographical area that have an employees' benefits practice. *Id.* at ¶¶ 18-19 (comparing the billing rates of other firms). Based on the evidence produced by Plaintiffs, as well as the lack of opposition by Defendant, the Court concludes that counsel's billing rate was fair, and the Court's analysis will focus instead on the reasonableness of the number of hours billed.

Plaintiffs' counsel had five members completing work on matters for this case. Ms. Bardes, a partner with seven years' experience, billed 57.2 hours; Ms. Cooper, a paralegal, billed 20.2 hours; Mr. Watts, an associate with four years' experience, billed 5.8 hours; Ms. McDermott, a partner with seven years' experience, billed 2.2 hours; and Mr. Mooney, a partner with 34 years' experience, billed 0.7 hours. *Id.* at ¶¶ 6-10. In total, Plaintiffs' counsel billed 86.1 hours in connection with this case. These hours were primarily spent: (1) researching the collective bargaining agreement and Defendant; (2) preparing and filing the Complaint; (3) completing discovery and depositions; (4) preparing and filing Plaintiffs' Motion for Summary Judgment and Reply in support of that Motion; (5) communicating with Defendant and defense counsel regarding the unpaid contributions. *Id.* at ¶ 15.

Defendant has two primary arguments as to why Plaintiffs' counsel billed an unreasonable number of hours. First, Defendant contends that much of the content in Plaintiffs' filings was boilerplate and copied from filings in other, similar cases that Plaintiffs' counsel has litigated. Second, Defendant argues that Plaintiffs' counsel inappropriately shifted work onto its senior legal staff who billed at a higher rate. The Court will address each argument in turn.

---

this issue in response to the D.C. Circuit's opinion. However, neither party provided additional briefing.

First, Defendant contends that Plaintiffs' counsel is not entitled to its full requested compensation because much of the information in its filings was boilerplate and taken from previous cases. In its Opposition, Defendant claims to have conducted a random tracking of paragraphs in Plaintiffs' Complaint and found nearly word-for-word similarities between the Complaint in this case and complaints that Plaintiffs' counsel previously filed in similar cases. Def.'s Opp'n, ECF No. 24, 2-4. Defendant did the same for Plaintiffs' Motion for Summary Judgment, finding nearly word-for-word similarities between the Motion for Summary Judgment in this case and motions that Plaintiffs' counsel has made in other ERISA matters. *Id.* at 4-11. Defendant contends that, because Plaintiffs' counsel was traveling down a "well-worn path" throughout this case, the fee request should be reduced. *Boivin v. U.S. Airways, Inc.*, 446 F.3d 148, 151 (D.C. Cir. 2006).

The Court agrees with Defendant that certain language from both Plaintiffs' Complaint and Motion for Summary Judgment has been used in prior litigation. However, given the nature of this "boilerplate" language, the Court finds that a reduction in fees is not warranted.

The boilerplate language from Plaintiffs' Complaint and Motion for Summary Judgment is largely introductory and sets out the standards for ERISA cases in general terms. As Plaintiffs' counsel litigates numerous ERISA cases, it is reasonable that counsel would reuse certain language across filings. In fact, the reuse of such pro forma language prevents counsel from having to reinvent the wheel in each case and ultimately reduces litigation costs.

While language may have been repeated for introductory and other general matters, Plaintiffs' counsel did not reuse language from other filings in addressing the specific factual circumstances of this case. This case involved delinquent contributions, amounts owed according to an audit, and a legal dispute on the applicability of the Multiemployer Pension Reform Act

("MPRA"). These issues were factually and legally complex and pertained to this litigation specifically. For example, Ms. Bardes submitted that she spent approximately 10.6 hours researching and drafting the Reply in support of Plaintiffs' Motion for Summary Judgment in order to adequately address Defendant's MPRA arguments, a novel issue for Ms. Bardes. Bardes Dec., ECF No. 23-1, Ex. A, 20-22. And, in order to defend the Pension Fund's audit findings which defense counsel had questioned during discovery and in filings, Plaintiffs' counsel spent a substantial amount of time reviewing documents, preparing a declaration, and drafting a factually specific argument. *Id.* at Ex. A, 15-19. As such, while boilerplate language was used for general matters that are common across ERISA cases, Plaintiffs' counsel could not have used language from prior cases to address the specific legal and factual issues in this case.

Because boilerplate language was used primarily for introductory and basic background information, and because Plaintiffs' filing addressed complex factual and legal information specific to this case, the Court will not reduce Plaintiffs' counsel's fee award on this ground. *See SEIU Nat'l Indus. Pension Fund v. Palisades Operations, LLC*, No. 17-cv-1664 (KBJ), 2019 WL 211391, at *2 (D.D.C. Jan. 16, 2019) (explaining that the "[c]ourt finds that the amount of time to prepare these filings [allegedly repetitive of filings in other cases] is reasonable, especially given the factual differences that necessitate individualized motions and responses").

Second, Defendant argues that a downward adjustment is warranted because Plaintiffs' counsel inappropriately shifted work onto its senior legal staff, who charged a higher billing rate, rather than allowing issues to be handled by lower-level staff. Specifically, Defendant takes issue with the fact that out of 86.1 hours, Ms. Bardes, a partner, billed 57.2 of those hours. The person with the next highest number of billed hours is Ms. Cooper, a paralegal, with 20.2 hours. Defendant contends that, given the straightforward nature of the case, Ms. Cooper should have

performed most of the work and Ms. Bardes's role should have been supervisory. Def.'s Opp'n, ECF No. 24, 15-16. Defendant concludes that the fact that a partner billed so many of the hours in this case shows a lack of billing judgment and warrants a reduction in attorneys' fees.

The Court begins by expressing its disagreement with the argument that Ms. Cooper, a paralegal, should have performed the majority of the work in this case. While litigation presents numerous tasks which the use of billing judgment suggests could be performed by a paralegal, legal analysis and litigation strategy are the province of attorneys. As such, given the complex legal and factual matters in this case, the Court finds it reasonable that Ms. Bardes, an attorney, performed more hours of work than Ms. Cooper, a paralegal.

In arguing for a fee reduction, Defendant fails to cite any specific tasks which were performed by an attorney but were better suited to a paralegal. Instead, Defendant generally argues that a downward adjustment in fees is warranted because "counsel has shifted work onto its senior legal staff, who charge at a higher rate, when the work at issue could have been handled by lower level staff in the office." *Id.* at 14. Defendant cites only one case from within this circuit for support, *Role Models America, Inc. v. Brownlee*, 353 F.3d 962 (D.C. Cir. 2004). According to Defendant, in *Role Models*, the court allowed only 50 percent of the "fees requested in part because the case was straightforward but three senior attorneys worked the file, indicating the hours were therefore excessive." *Id.* (citing *Role Models*, 353 F.3d at 972-73).

The Court finds that *Role Models* is distinguishable from the case before the Court. First, in this case, three partners completed work, but two of those partners billed only 2.9 hours cumulatively. The majority of the work was done by the third partner, Ms. Bardes, who billed 57.2 hours. At the start of the case, Ms. Bardes was an associate at the firm. She did not become

a partner until February 1, 2018, after much of the discovery had been completed.[3] Bardes Dec., ECF No. 23-1, ¶ 12. The remainder of the work was performed primarily by a Ms. Cooper, a paralegal, who billed 20.2 hours and an associate who billed 5.8 hours. As such, unlike in *Role Models*, the Court finds that Plaintiffs' counsel's staffing decisions in this case were reasonable. 353 F.3d at 971-73. Second, in *Role Models*, counsel sought reimbursement of $342,741.25 for 1,058 hours of work in a case "[i]nvolving no discovery and presenting neither complex nor contested facts." *Id.* at 972. Here, counsel seek $16,252.00 for 86.1 hours of work in a case which involved discovery, motions for summary judgment, lengthy facts, and at least one complex legal issue. Finally, in *Role Models*, the Court did not reduce the attorneys' fee award merely because of staffing issues. Instead, the award was reduced primarily due to "inadequate documentation, failure to justify the number of hours sought, inconsistencies, and improper billing entries." *Id.* at 973. Here, Defendant has not complained of such issues with Plaintiffs' counsel's billing records.

Accordingly, the Court concludes that a lower fee award is not warranted due to Plaintiffs' counsel's staffing decisions. This case involved a lengthy factual background and at least one complex legal issue. As such, the Court finds it reasonable that the majority of the work was performed by an experienced associate, who was promoted to partner during the pendency of the litigation. Additionally, the Court finds that Plaintiffs' counsel used good billing judgment in employing a paralegal to complete a substantial amount of the non-legal work, with other attorneys billing only 8.7 hours cumulatively.[4]

---

[3] Ms. Bardes billed at the associate rate of $195.00 per hour for work completed prior to February 1, 2018 and at the partner rate of $220.00 per hour for work performed subsequent to February 1, 2018. Bardes Dec., ECF No. 23-1, Ex. ¶ 12.

[4] In a final argument, Defendant contends that Plaintiffs' fee request should be reduced because awarding more in attorneys' fees "ultimately results in Defendant having less fiscal resources to

## A. Fees on Fees

In addition to attorneys' fees for the prior litigation, Plaintiffs' counsel also requests fees associated with filing their Motion for Attorneys' Fees and Reply in support of that Motion. It "is settled in this circuit" that "[h]ours reasonably devoted to a request for fees are compensable." *Noxell Corp. v. Firehouse No. 1 Bar-B-Que Rest.*, 771 F.2d 521, 528 (D.C. Cir. 1985).

Plaintiffs' counsel states that 5.1 hours were spent on the initial fee petition, with 1.4 hours billed by Ms. Bardes and 3.7 hours billed by Ms. Cooper. The majority of Ms. Bardes's time was spent preparing the interest calculation for the petition. Bardes Dec., ECF No. 25-1, Ex. A. Plaintiffs' counsel further states that approximately 8.5 hours were spent preparing the Reply. Plaintiffs contend that only two of the eleven pages are boilerplate, with the remaining pages containing legal analysis responding to Defendant's arguments. Because the responses to Defendant's arguments required legal analysis, Ms. Bardes performed nearly all of the work. *Id.* In sum, Plaintiffs request $2,572.00 for 13.6 hours of billable work.

Given the comprehensive nature of Plaintiffs' 4-page petition for fees and 11-page Reply, as well as the fact that the request for fees on fees is proportional to the overall request for fees, the Court will not reduce the award of fees on fees.[5]

## B. Additional Accrued Interest

Finally, Plaintiffs request additional accrued interest on Defendant's delinquent contribution payments. In Plaintiffs' Complaint and Motion for Summary Judgment, Plaintiffs

---

run its business." Def.'s Opp'n, ECF No. 24, 16-17. But, Defendant cites no case in which a court considered such an argument in awarding fees. And, the Court finds that this argument is irrelevant to determining whether or not Plaintiffs' fee request is reasonable.

[5] Defendant contends that large portions of Plaintiffs' Motion for Fees are boilerplate. Def.'s Opp'n, ECF No. 24, 11. The Court concludes that Plaintiffs' use of pro forma language is reasonable given that only 5.1 hours were billed for the fee petition and that the majority of the work was completed by a paralegal.

sought interest calculated through only August 1, 2017. Bardes Dec., ECF No. 23-1, ¶ 21. Plaintiffs now seek interest which has accrued from August 1, 2017 through February 28, 2019. Plaintiffs calculate this interest to be $1,441.52 for Site 2356; $2,301.62[6] for Site 2816; and $161.29 for Site 2826; totaling $3,904.43 in additional interest from August 1, 2017 through February 28, 2019. *Id.* at Ex. F.

In its Opposition, Defendant does not contest Plaintiffs' entitlement to additional accrued interest nor does it contest the amount owed. The Court has previously determined that Plaintiffs are entitled to interest on Defendant's unpaid contributions both by statute and based on the fund's Collection Policy. *See* 29 U.S.C. § 1132(g)(2)(B) (stating that the court may award interest on unpaid contributions); Collection Policy, Ex. 3, ECF No. 18-3, 5.1-2 (establishing interest rates). The Court's initial award of interest did not include interest on unpaid contributions from August 1, 2017 to February 28, 2019. Accordingly, the Court concludes that Plaintiffs are entitled to $3,904.43 in additional accrued interest.

### III. CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiffs' [23] Motion for Attorneys' Fees and Costs and Additional Interest. The only disputed issue is whether or not Plaintiff billed a reasonable number of hours using a reasonable choice of attorney. The Court concludes that, based on the specific facts of this case, Plaintiffs' request for attorneys' fees is reasonable under the circumstances. Accordingly, the Court GRANTS Plaintiffs' request as to $18,824.00 in fees (including fees on fees), $495.00 in costs, and $3,904.43 in additional accrued interest and

---

[6] In her Declaration, Ms. Bardes states that $2,301.02 is owed in additional interest for site 2816. Bardes Dec., ECF No. 23-1, ¶ 21. However, the attached exhibit shows that the amount owed is actually $2,301.62. *Id.* at Ex. F.

AWARDS those amounts. As there are no other issues to resolve in this case, the case is dismissed in its entirety.

An appropriate Order accompanies this Memorandum Opinion.

/s/<br>
COLLEEN KOLLAR-KOTELLY<br>
United States District Judge